IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION at CHATTANOOGA

IN RE:

JAMES P. KEEL, And
JOAN B. KEEL,
        Debtors

CASE NO. 1:18-bk-14988-NWW

CHAPTER 7

WALTER N. WINCHESTER,
SUCCESSOR TRUSTEE

        Plaintiff.

AP 1:20-ap-01027-NWW

vs.

BAYVIEW LOAN SERVICING, LLC,
ROBERT J. WILKINSON, CHAPTER
7 TRUSTEE, JAMES P. KEEL AND
JOAN B. KEEL

        Defendants.

VERIFIED ANSWER BY CHAPTER 7 TRUSTEE ROBERT J. WILKINSON

COMES NOW Robert J. Wilkinson, Chapter 7 Trustee for the above-named Debtors and Defendant named in the herein styled adversary proceeding and submits the following answer to the Plaintiff's complaint filed on June 18, 2020 and further asserts a counter claim herein.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted,

13. Admitted for purposes contained herein.

14. Admitted.

15. Defendant Trustee lacks sufficient personal knowledge to deny or admit the allegations contained in Paragraph 15 of the complaint and demands strict proof thereof.

16. Defendant Trustee lacks sufficient personal knowledge to deny or admit the allegations contained in Paragraph 16 of the complaint and demands strict proof thereof.

17. Defendant Trustee lacks sufficient personal knowledge to deny or admit the allegations contained in Paragraph 17 of the complaint and demands strict proof thereof.

18. Admitted only as to no written demand made by Trustee for proceeds to date. Defendant Trustee lacks sufficient personal knowledge to deny or admit the other allegations as to Bayview Loan Servicing.

19. Defendant Trustee lacks sufficient personal knowledge to deny or admit the allegations contained in Paragraph 19 and demands strict proof thereof.

20. Admitted.

21. Defendant Trustee lacks sufficient personal knowledge to deny or admit the allegations contained in Paragraph 21 and demands strict proof thereof.

22. Admitted.

23. Defendant Trustee lacks sufficient personal knowledge to deny or admit the allegations contained in Paragraph 23 and demands strict proof thereof.

24. Defendant Trustee lacks sufficient personal knowledge to deny or admit the allegations contained in Paragraph 24 and demands strict proof thereof.

The herein named Defendant Robert J. Wilkinson, Trustee having answered all of the above allegations in the Plaintiff's complaint hereby requests any and all equitable relief from the Court that may be available to him.

## VERIFICATION

COUNTY OF HAMILTON            )
                              )
STATE OF TENNESSEE            )

After first being sworn under oath, I, the Defendant Robert J. Wilkinson, hereby state that I have answered above as to all the allegations contained in the Complaint to the best of my knowledge and belief and in my official capacity as Chapter 7 Trustee of the estate of James P and Joan B. Keel, Debtors.

On this 14th day of July 2020

_____
Robert J. Wilkinson, Trustee

Sworn to and subscribed before me this day 14th day of July, 2020.

Seal

_____
Notary's Signature

My commission expires: 10/25/2020

Respectfully Submitted:

By: /s/Nancy A. Cogar
Nancy A. Cogar, BPR No. 32035
Law Offices of Nancy A. Cogar, Esq.
P.O. Box 15728
Chattanooga, TN 37415
Ph. (423) 269-7460
Fax. (423) 269-7461
Email: Nancycogar.attorney@gmail.com

*Attorney for Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of this foregoing pleading has been served on all parties in interest and/or their legal representatives on this 9th day of July 2020

/s/Nancy A. Cogar